THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.: 01:24-bk-18468 RAM
(Miami Division)

IN RE: FELIX ARBUCIAS,

    Debtor.

_____/

**CREDITOR MMPB GROUP, LLC'S VERIFIED MOTION FOR ENLARGEMENT OF TIME *NUNC PRO TUNC* TO FILE ITS ADVERSARY COMPLAINT**

Creditor, MMPB GROUP, LLC ( "MMPB"), by and through undersigned counsel, hereby files its Motion for Enlargement of Time *Nunc Pro Tunc* to file its Adversary Complaint to Debtor's Chapter 13 ("Debtor"), pursuant to Bankr.Rule 9006(b)1)(B), and as grounds therefor, states:

**OVERVIEW**

However, undersigned counsel respectfully submits that this type of error is precisely the type of "excusable neglect" contemplated by Section 105(a) and Bankr.Rule 9006(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY**

1.    On August 20, 2024, the Debtor filed his Petition (ECF 1).

2.    On August 21, 2024, the Court entered a Notice of Chapter 13 Bankruptcy Case [ECF 10], setting December 16, 2024, as the deadline to file an adversary complaint seeking to except a particular debt from discharge under 11 U.S.C. § 523(a)(2) or (4) (the "Deadline").

3.    On October 28, 2024, the undersigned counsel filed his Notice of Appearance on behalf of MMPB (ECF 22) ("Creditor") as well as a Statement of Claim for MMPB.

4.    Prior to filing his Notice of Appearance, on or about October 10, 2024, undersigned counsel calendared the Deadlines pursuant to ECF 10.

1

5. For reasons unknown to undersigned counsel, the Deadline to File its Adversary Complaint was incorrectly calendared, but undersigned counsel was unaware of same.

6. On December 23, 2024, undersigned counsel received several notices from the Court stating that the Debtor's Chapter 13 Plan had been approved.

7. Undersigned counsel immediately reviewed the Notice of Chapter 13 Bankruptcy Case [ECF 10], and realized that the Deadline had been incorrectly calendared.

8. Undersigned counsel immediately drafted the instant motion and attempted to file it with the Clerk on December 24, 2024, however, the courthouse was closed.[1]

9. Undersigned counsel respectfully submits that this type of law office failure constitutes excusable neglect.

10. This Motion is MMPB's first request for an extension of time in this action.

11. Pursuant to Local Rule 9013-1(c)(6), the undersigned certifies that he consulted with the Debtor's counsel via telephone. Debtor's counsel stated she opposes the relief MMPB is seeking because "because it would be malpractice not to oppose the motion."

12. This Motion is submitted in good faith and not for the purpose of delay.

13. The granting of the instant Motion will not cause prejudice to any party, but denying the Motion will cause prejudice to the Creditor.

## ARGUMENT AND MEMORANDUM OF LAW

Section 105(a) authorizes the court to "issue any order, process, or judgment that is necessary and appropriate to carry out the provisions of [Title 11]." 11 U.S.C. § 105(a). The court has discretionary authority under 11 U.S.C. § 105 to enter an order *nunc pro tunc* under appropriate

---

[1] Counsel for MMPB was granted PACER access to the Bankruptcy ECF system on December 26, 2024.

2

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

circumstances. *See In re Alafia Land Development Corp.,* 40 B.R. 1 (Bankr.M.D.Fla.1984); *In re Certain Special Counsel to Boston & Marine Corp.,* 737 F.2d 115 (1st Cir.1984); *In re Cormier,* 35 B.R. 424, 425 (D.Me.1983). The standard to be used by bankruptcy courts in deciding whether to issue an order retroactively has been stated as follows: "When entering an order retroactively will further the purposes of the Bankruptcy Code without unfairly prejudicing parties-in-interest, *nunc pro tunc* effect may, and should, be provided." *In re Hillard Dev. Corp.*, 174 L.R.R.M. (BNA) 3364, 17 Fla. L. Weekly Fed. B 244, 2004 WL 1347049, at *1–2 (Bankr. S.D. Fla. 2004), see also *In re Wren*, 315 B.R. 921, 923–24 (Bankr. M.D. Ga. 2004) ("The standard the bankruptcy courts should use in deciding whether to issue a retrospective order is whether the order "will further the purposes of the Bankruptcy Code.")

Bankr.Rule 9006(b)(1) provides:

> (1) *In General.* This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period. Except as provided in (2) and (3), the court may—at any time and for cause— extend the time to act if:
> (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires; or
> **(B) on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect.**

(emphasisa added).

## No Prejudice to Debtor

In *Boulevards Shops & Offices at Scenic, LLC v. Boulevards Shops & Offices at Scenic, LLC,* 2010 WL 11549912, at *2 (N.D. Ga. Sept. 22, 2010), the court held that a brief delay in filing an answer to the plaintiff's complaint was negligible because counsel intended to file the answer timely but was unable to do so and the late filing resulted in no prejudice. ("The court concluded that the resulting delay was negligible and has resulted in no prejudice to the plaintiff. Further, the

Case 24-18468-RAM    Doc 40    Filed 12/26/24    Page 4 of 6

Court finds that defense counsel's actions were reasonable and that she made a good faith effort to file the motion in a timely manner.")

Granting the instant Motion will not prejudice Debtor as the court has just recently issued its Order Confirming Chapter 13 Plan. On the contrary, denying the Motion will necessarily prejudice MMPB who will be precluded from filing its adversary complaint.

Moreover, MMPB will shortly be filing a motion pursuant to 11 USC 1330 seeking to revoke confirmation of the Plan.

### No Potential Impact on Proceedings

Granting the instant Motion will not prejudice Debtor as the court has just recently issued its Order Confirming Chapter 13 Plan. On the contrary, denying the Motion will necessarily prejudice MMPB who will be precluded from filing its adversary complaint.

Moreover, MMPB will shortly be filing a motion pursuant to 11 USC 1330 seeking to revoke confirmation of the Plan.

### Reason for Delay

Undersigned counsel respectfully submits that this type of law office error is precisely the type of "excusable neglect" contemplated by Bankr.Rule 9006(b)(1)(B).

### Movant Acted in Good Faith

MMPB's failure to timely request an extension of time to file its adversary complaint was completely unintentional and was not the result of any bad faith. *See Boulevards Shops,* 2010 WL 11549912, at *2 ("the Court finds that defense counsel's actions were reasonable and that she made a good faith effort to file the motion in a timely manner"). MMPB did not deliberately disregard the Rules; did not intend to delay the proceedings and did not seek an advantage by not timely seeking the requested extension. The reason for the delay was that the Deadline was incorrectly

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

calendared as set forth above. Undersigned counsel respectfully submits that this type of law office failure constitutes excusable neglect.

"Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Advanced Estimating Sys., Inc. v. Riney,* 77 F.3d 1322, 1325 (11th Cir. 1996) (citing *Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir. 1996)), citing *Pioneer Investments*. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Peeler v. KVH Industries, Inc.,* 13 F. Supp. 3d 1241, 1261 (M.D. Fla. 2014), citing to *Pioneer Investments,* at 392. "An attorney's error of law is not a sufficient basis to excuse failure to comply with a deadline, but an error of fact may be excusable." *Santillana v. Florida State Court System*, WL 1532337, at *1 (M.D. Fla. April 16, 2010), citing to *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998-99 (11th Cir. 1997).

### Granting the Instant Motion Will Further the Purposes of the Bankruptcy Code

Granting the instant Motion will further the purposes of the Bankruptcy Code in that MMPB has evidence of fraud by the Debtor and reasonably believes that it will be successful in its adversary proceeding to except its debt from discharge.

**WHEREFORE**, Creditor, MMPB GROUP, LLC respectfully requests that the Court grant the instant Motion in its entirety, enlarge the time to file its adversary complaint *nunc pro tunc* to December 27, 2024, and grant Creditor, MMPB GROUP, LLC such other and further relief as this Court deems just and proper.

### VERIFICATION

5

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

Pursuant to 28 U.S.C. § 1746, I, Lowell J. Kuvin. declare under penalty of perjury that the facts stated above are true and correct to the best of my personal and/or acquired knowledge, information and belief.

Executed on: December 26, 2024.

Signature: s/Lowell J. Kuvin
       Lowell J. Kuvin, Esq.


Respectfully submitted December 26, 2024.

                                By:  s/Lowell J. Kuvin
                                     Lowell J. Kuvin, Esq.
                                     Florida Bar No. 53072
                                     lowell@kuvin.law
                                     legal@kuvin.law
                                     *Law Office of Lowell J. Kuvin*
                                     17 East Flagler Street, Suite 223
                                     Miami, Florida 33131
                                     Tel.: 305.358.6800
                                     *Attorney for Creditor,*
                                     *MMPB GROUP, LLC*


## **CERTIFICATE OF COMPLIANCE**

I hereby certify that counsel for the movant conferred with the Debtor's counsel, who has stated she opposes the relief MMPB is seeking "because it would be malpractice not to oppose the motion."

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 26, 2024, I electronically filed the foregoing document via CM/ECF which will automatically send a copy of the foregoing to all registered counsel in this action.

                                By:    /s/ Lowell J. Kuvin
                                       Lowell J. Kuvin, Esq

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808