Proposed Adversary Complaint

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 01:24-bk-18468 RAM**
**(Miami Division)**

IN RE:

FELIX ARBUCIAS,

      Debtor.

_____/

MMPB GROUP, LLC
(Creditor of the Estate),

      Plaintiff,

vs.

Debtor, FELIX ARBUCIAS,

      Defendant.

_____/

## <u>ADVERSARY COMPLAINT</u>

MMPB GROUP, LLC ("MMPB"), by and through undersigned counsel, files this Adversary Complaint against Debtor, FELIX ARBUCIAS ("Debtor") objecting to the discharge of the debt owed to MMPB pursuant to 11 U.S.C. § 523, and states:

1.      This is an action to determine the discharge of a debt pursuant to 11 U.S.C. § 523, 11 U.S.C. § 727(a) and 11 U.S.C. § 1328.

2.      This is a core proceeding and this Court has jurisdiction over this action pursuant to 28 U.S.C. §157 and 1334 and Fed. R. Bankr. P. 7001.

3.      Venue is proper herein pursuant to 28 U.S.C. §§ 1408 and 1409.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## PARTIES

4.      FELIX ARBUCIAS is the debtor in the above-referenced proceedings.

5.      MMPB GROUP, LLC is a Florida limited liability company and a creditor of the estate.

## GENERAL ALLEGATIONS IN SUPPORT OF § 523 OBJECTIONS TO DISCHARGE

6.      Pre-Petition, MMPB sued FELIX ARBUCIAS individually for, *inter alia*, fraud in the Circuit Court in and for Miami-Dade County, Florida, Case No. 2022-0372-CA-01.  (**Exhibit "A."**)

7.      On March 29, 2022, a Default Final Judgment was entered against FELIX ARBUCIAS, joint and severally, for $48,285.58.  (**Exhibit "B."**)

8.      On March 31, 2022, a copy of the Final Judgment was recorded in the Miami-Dade County. Florida Official Records. (**Exhibit "B."**)

9.      On August 20, 2024, Debtor filed a Voluntary Petition for Chapter 13 Bankruptcy.

10.     In the main bankruptcy case, MMPB timely filed a Proof of Claim and an accounting of the accrued interest for a total of $58,399.12. [Claim No. 17].

11.     FELIX ARBUCIAS owned a Florida company called Flex Florida Corp. FELIX ARBUCIAS was the sole owner, employee, and agent of Flex Florida Corp.

12.     MMPB owns a restaurant on Miami Beach named "Villa Azur."  A large portion of Villa Azur's dining area is located in a courtyard and is exposed to the South Florida weather.  To seat the courtyard during hot days and when it rains, Villa Azur required an awning to be installed. The awning installation was essential to Villa Azur's continued business and profitability.

13.     MMPB contacted Flex Florida Corp. (a/k/a Best Awnings) to design, manufacture, permit, and install an awning.  Time was of the essence.

14.     MMPB met with FELIX ARBUCIAS several times to review ideas and a timetable for installing the awning.

15.     From the inception, FELIX ARBUCIAS reassured MMPB that, having been in the business for 20 years, MMPB could depend on him to deliver the final awning as promised.

16.     During the meetings with MMPB, FELIX ARBUCIAS asked for deposits/advances ("Deposit(s)") for the project and made repeated promises to MMPB regarding the progress and timing of the installation.

17.     MMPB paid Best Awning an initial Deposit of $10,000 on October 12, 2020.

18.     At almost every meeting, FELIX ARBUCIAS asked MMPB for several more Deposits to help move the awning project forward.

19.     Before agreeing to make the Deposits, MMPB asked FELIX ARBUCIAS for reassurance that the project would be awning completed on time due to the importance the awning would have on MMPB's business.

20.     The checks for the Deposits were made payable to "Best Awnings," a company supposedly owned by FELIX ARBUCIAS.

21.     Even though MMPB made the additional Deposits, FELIX ARBUCIAS did not obtain the proper final approved architectural drawings, permits, cloth, and hardware required for the Project.

22.     Instead, FELIX ARBUCIAS used the funds for his own personal expenses which included purchasing illegal narcotics to fuel his addiction(s) to drugs.

23.     Upon good faith belief, FELIX ARBUCIAS either deposited the Deposits directly into his own personal bank account or deposited the Deposits into his business account and then

used the funds for his own personal expenses, including purchasing illegal narcotics. None or very few of the Deposit funds were used for the intended purpose of moving the Project forward.

24.     When confronted with the fact that the awning was not going to be installed, MMPB asked FELIX ARBUCIAS to return the deposits. The Debtor replied, "You will not get your money back."

### COUNT I - OBJECTION TO DISCHARGE OF DEBT
### PURSUANT TO 11 U.S.C. §523(a)

25.     MMPB repeats and realleges the allegations set forth in Paragraphs 1 through 24 and incorporates them by reference herein.

26.     The Debtor made false representations with the purpose and intention of deceiving MMPB of the Deposits such as:

   a.   The Project will be completed and installed within 12 weeks;

   b.   After 20 years in business, Debtor would be able to have the drawings made, procure the proper permits, produce the awning and have it installed as per the agreement;

   c.   After Debtor promised the project "will be completed by Christmas" MMPB made another Deposit which brought up the total deposit amount to $37,750.00;

   d.   Debtor asked for another Deposit in the amount of $12,000.00 and promised the project "will be completed by Spring Break."

27.     As stated *supra*, even though MMPB made the additional Deposits, Debtor did not obtain the proper final approved architectural drawings, permits, cloth, and hardware required for the Project and instead used the funds for his own personal expenses which included purchasing illegal narcotics to fuel his addiction(s) to drugs.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

28.     Debtor knew the representations he made to MMPB were false and Debtor knew he had no intent to perform the obligations under the contract.

29.     MMPB relied upon the representations made by Debtor and MMPB would not have made the Deposits to Debtor without the personal promises the Debtor provided.

30.     MMPB's reliance on Debtor's promises was reasonably founded given the number of years Debtor had been in the business of providing the services and goods that MMPB was purchasing.

31.     As a result, MMPB sustained damages in excess of $48,285.58.

**WHEREFORE,** MMPB Group, LLC respectfully requests that this Court issue an order determining that the debtor's debt to MMPB in the amount to be determined, but approximately $48,285.58 and the accrued interest is not subject to discharge, that the Debtor pay MMPB's court costs and attorney's fees if appropriate, and such other relief as the court deems proper.

## COUNT II – OBJECTION TO DISCHARGE OF DEBT
## PURSUANT TO 11 U.S.C. 523(a)(2)(A)

32.     MMPB repeats and realleges the allegations set forth in Paragraphs 1 through 24 and incorporates them by reference herein.

33.     MMPB filed suit against Debtor in 2022 in the Miami-Dade Circuit Court and alleged in Count III of the Amended Complaint that Debtor defrauded MMPB.

34.     MMPB obtained a Final Default Judgment on March 29, 2022, and recorded it with Miami-Dade County on March 31, 2022.  *See* Exhibit "B."

35.     A judgment of a court having jurisdiction over the parties and of the subject matter operates as *res judicata* in the absence of fraud or collusion even if it is a default judgment.  *See Riehle v. Margolies*, 279 U.S. 218, 225 (1929); *Morris v. Jones*, 329 U.S. 545, 550 (1947)).  The

United States Constitution requires that "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." Art. IV, Section I.

36.     Under Florida law, courts may decline to apply collateral estoppel, even though requirements for application of collateral estoppel doctrine are met, where its application would result in manifest injustice. *In Re Shlomo Bentov*, 514 B.R. 907 (S.D. Fla Adv. No. 14-01165-RAM).

37.     In order to collect on the Final Default Judgment, MMPB was required to proceed supplementary pursuant to §56.19, Fla. Stat. in the Circuit Court because Debtor had sold a parcel of land and fraudulently transferred his portion of the proceeds of the sale to his wife, Veronica Arbucias. MMPB was in the process of litigating the location of the funds when Debtor filled his petition with this Court.

**WHEREFORE,** MMPB Group, LLC respectfully requests that this Court issue an order determining that the debtor's debt to MMPB in the amount to be determined, but approximately $48,285.58, and the accrued interest is not subject to discharge, the Debtor pay MMPB's court costs and attorney's fees if appropriate, and such other relief as the court deems proper.

Submitted December ___, 2024

By: ___s/Lowell J. Kuvin___
       Lowell J. Kuvin, Esq.
       Florida Bar No. 53072
       lowell@kuvin.law
       Law Office of Lowell J. Kuvin, LLC
       17 East Flagler Street, Suite 223
       Miami, Florida 33131
       Tel.: 305.358.6800
       *Attorneys for Creditor MMPB Group, LLC*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December ___, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

LAW OFFICE OF LOWELL J. KUVIN

17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

MMPB GROUP, LLC,
a Florida limited liability company,

GENERAL JURISDICTION DIVISION

    Plaintiff,

Case No.: 2022-000372-CA-01

v.

FLEX FLORIDA CORP.
d/b/a Best Awnings, a Florida corporation,
and FELIX ARBUCIAS, an individual,

    Defendant.

_____/

## AMENDED COMPLAINT

    Plaintiff, MMPB GROUP LLC ("Plaintiff" or "MMPB"), a Florida corporation, by and through undersigned counsel, hereby sues Defendant, FLEX FLORIDA CORP., d/b/a Best Awnings, a Florida corporation, and FELIX ARBUCIAS, an individual and states:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of $30,000.00.

2.    This is an action by Plaintiff against Defendants involving Defendant's breach of contract in failing to provide contracted goods and services to Plaintiff, and other claims.

3.    Plaintiff is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida.

4.    Defendant, FLEX FLORIDA CORP., d/b/a Best Awnings ("FLEX FLORIDA") is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Felix Arbucias is the Registered Agent and President of FLEX FLORIDA.

1

5.      Defendant Felix Arbucias is an individual, *sui juris*, and resides in Miami-Dade County, Florida.

6.      Venue is proper because the transaction which form the basis of this action occurred in Miami-Dade County, Florida.

7.      Venue is proper because the breach of contract by Defendant occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

8.      Plaintiff owns and operates a restaurant in Miami Beach, Florida.

9.      Defendant FLEX FLORIDA is a contractor that sells and installs awnings.

10.     Defendant Felix Arbucias is the president of FLEX FLORIDA, and acts as a salesperson for FLEX FLORIDA.

11.     In 2020, FLEX FLORIDA agreed to provide and install an awning for Plaintiff for the sum of $117,750.00 (the "Contract").

12.     Plaintiff has paid FLEX FLORIDA $47,750.00 towards the purchase price of $117,750.00.

13.     Over a year has passed since FLEX FLORIDA agreed to provide the subject awning, but the final drawings and the permits have not been secured by FLEX FLORIDA and the awning has not been provided or installed as agreed.

14.     Plaintiff demanded that FLEX FLORIDA timely perform the Contract, but FLEX FLORIDA refused.

15.     Plaintiff then demanded the return of its payments totaling $47,750.00, but FLEX FLORIDA has refused.  *See* demand letter attached hereto as **Exhibit "A."**

2

16.     As a result of FLEX FLORIDA's conduct, Plaintiff has been damaged.

17.     Plaintiff retained the undersigned counsel and is obligated to pay counsel a reasonable fee for his services.

18.     All conditions precedent to commencing and maintaining this action have been performed, excused or waived.

<u>**COUNT I - BREACH OF CONTRACT**</u>

Plaintiff re-alleges, readopts and reincorporates paragraphs 1-16 and further alleges:

19.     In 2020 Plaintiff and FLEX FLORIDA entered into an oral contract where FLEX FLORIDA agreed to provide and install an awning for Plaintiff for the sum of $117,750.00.

20.     Plaintiff paid FLEX FLORIDA $47,750.00 towards the purchase price of $117,750.00.

21.     As per the oral agreement FLEX FLORIDA was to provide Plaintiff with paperwork that would outline their agreement and would effectuate the installation of the awning.

22.     FLEX FLORIDA did not provide Plaintiff with the agreed upon paperwork.

23.     FLEX FLORIDA breached the Contract by failing and refusing to timely perform the Contract.

24.     FLEX FLORIDA refused to return to Plaintiff the $47,750.00 already paid by Plaintiff.

25.     As a result of FLEX FLORIDA's breach of the Contract, Plaintiff suffered damages, including but not limited to, $47,750.00.

**WHEREFORE,** Plaintiff demands judgment against FLEX FLORIDA for $47,500.00, pre-judgment interest, costs and such other relief as this Court deems just and proper.

3

## COUNT II - UNJUST ENRICHMENT

Plaintiff re-alleges, readopts and reincorporates paragraphs 1-16 and further alleges:

26.    Plaintiff has conferred a benefit upon FLEX FLORIDA by paying FLEX FLORIDA the sum of $47,750.00 towards the purchase price of the subject awning.

27.    FLEX FLORIDA had knowledge that Plaintiff paid FLEX FLORIDA $47,750.00 towards the purchase price of the subject awning.

28.    FLEX FLORIDA voluntarily accepted and retained the benefit of Plaintiff's payment of the sum of $47,750.00 towards the purchase price of the subject awning.

29.    The circumstances render FLEX FLORIDA's retention of the benefit inequitable unless FLEX FLORIDA pays Plaintiff the value of the benefit.

30.    FLEX FLORIDA has been unjustly enriched in that it failed and refused to return to Plaintiff the $47,750.00 that Plaintiff paid the towards the purchase price of the subject awning, exclusive of pre-judgment interest and costs.

31.    Plaintiff is entitled to damages as a result of FLEX FLORIDA's unjust enrichment.

**WHEREFORE,** Plaintiff demands monetary damages against FLEX FLORIDA for unjust enrichment in the amount of $47,750.00, pre-judgment interest and costs, and such other relief as this Court deems just and proper.

## COUNT- III – FRAUD BY FELIX ARBUCIAS

Plaintiff re-alleges, readopts and reincorporates paragraphs 1-16 and further alleges:

32.    Felix Arbucias ("Arbucias") met with Plaintiff's representative, Jean-Philippe Bernard ("Bernard") on several occasions to discuss the purchase and installation of an awning for Villa Azur restaurant.

4

33.    During the meetings Bernard inquired about Arbucias' company, FLEX FLORIDA, and whether FLEX FLORIDA was capable of designing and installing an awning at Villa Azur. Bernard also asked Arbucias if FLEX FLORIDA would be able to install the awning within the next twelve (12) weeks because the quick installation of the awning was paramount to Villa Azur's business.

34.    Arbucias assured Bernard that because he had been in the business of producing and installing awnings for more than 20 years, he would be able to have drawings made, procure the proper permits, produce the awning, and have it installed in the time frame Bernard had demanded.

35.    Based upon the promises made by Arbucias and the longevity of Arbucias in the business of producing and installing awnings for more than 20 years, Bernard decided to employ FLEX FLORIDA and made several payments to FLEX FLORIDA.

36.    However, Arbucias did not intend to deliver the services and products he promised. Instead, Arbucias' plan was to collect the "deposits" from MMPB GROUP, LLC and to use them for his own personal expenses or other expenses associated with FLEX FLORIDA. Without committing the funds deposited by MMPB to the project the agreed upon time schedule was impossible and Arbucias was aware of the fact at the time he promised Bernard that "the project would be completed by Christmas."

37.    MMPB made three payments to FLEX FLORIDA in 2020 in the amount of $37,750.00. In exchange for the payments, Arbucias promised the project "will be completed by Christmas."

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

38.     Not only was the project not "completed by Christmas," the permits or the materials were not obtained by Arbucias and FLEX FLORIDA.

39.     Arbucias then asked Bernard for another payment in January of 2021. Arbucias again promised that the project would be completed by a date certain (Spring Break). In return Bernard paid Arbucias and FLEX FLORIDA an additional deposit of $12,000.00.

40.     After the arrangement for the additional deposit Bernard told Arbucias that if the project does not move forward as promised by "Spring Break," MMPB would cancel the contract and demand its deposit money be returned. Arbucias replied that "you will not get your money back."

41.     Based upon the reliance of Arbucias when the agreement was formed, MMPB and Bernard had no other choice but to continue to work with Arbucias and FLEX FLORIDA since they had paid them $49,750.00.

42.     To date Arbucias nor FLEX FLORIDA has: pulled any permits for the job; furnished any materials for the awning; refunded any of MMPB's deposit money; spoken with or communicated with MMPB or Bernard seeking to extend the time to finish the project. MMPB has bee damaged by Bernard's reliance on Arbucias' intentional false statements.

**WHEREFORE,** Plaintiff demands monetary damages against FELIX ARBUCIAS for fraud in the amount of $47,750.00, pre-judgment interest and costs, and such other relief as this Court deems just and proper.

SIGNATURE PAGE TO FOLLOW

6

Dated: January 24, 2022.

/s/ Lowell Kuvin
Lowell J. Kuvin, Esq.
Fla. Bar No.: 53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin
17 East Flagler St., Suite 223
Miami, Florida 33131
Tel:    305.358.6800
Fax:    305.358.6808
*Attorneys for Plaintiff*

7

# LAW OFFICE OF LOWELL J. KUVIN

November 24, 2021

Flex Florida, Corp
d/b/a Best Awnings
c/o Felix Arbucias as Registered Agent
9999 NW 89 Avenue, Unit 12
Medley, FL 33178

Re: Pending Litigation - Villa Azur v. Flex Florida, Corp. d/b/a Best Awnings

Dear Mr. Arbucias,

The Law Office of Lowell J. Kuvin represents Villa Azur regarding the awning that was ordered from Flex Florida, Corp d/b/a Best Awnings. Please ensure that any further communication regarding this matter is forwarded to our office.

As you are aware Villa Azur contracted with Best Awnings to supply an awning for their business. The quote for the awning was $117,750.00. Villa Azur made the following payments to Best Awnings:

- 10/12/2020 $10,000.00 Chk# 15388
- 11/02/2020 $10,000.00 Chk# 15430
- 11/30/2020 $15,750.00 Chk# 15500
- 12/24/2020 $12,000.00 Chk# 15582

The total of the payments are $47,750.00. The project is now more than a year old and the final drawings and the permits have not been secured. In fact the only progress that has been made is that Villa Azur has paid your business close to half the price of the awning but has received not received the promised awning.

This letter is a demand for a return of the $47,750.00 that has been paid. Please forward a check in the amount of $47,750 by the close of business December 3, 2021 to Kuvin Law, made payable to MMPB Group, LLC. If payment is not made by December 1, 2021, I have been instructed to draft a complaint and to file it with the appropriate court. The complaint will allege that Flex Florida, Corp d/b/a Best Awnings breached the contract by failing to timely construct and install the awning that Villa Azur ordered. Villa Azur will also be seeking interest on the money you have held as well as attorney's fees and costs.

I strongly urge you to return the funds paid to Best Awnings by December 3, 2021.

Cordially,

Lowell J. Kuvin, Esq.

**Law Office of
Lowell J. Kuvin**
17 East Flagler Street, Suite 223
Miami, Florida 33131

Flex Florida, Corp
d/b/a Best Awnings
c/o Felix Arbucias as Registered Agent
9999 NW 89 Avenue, Unit 12
Medley, FL 33178

# EXHIBIT B

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-000372-CA-01
SECTION: CA23
JUDGE: Barbara Areces

**MMPB GROUP, LLC**

Plaintiff(s)

vs.

**FLEX FLORIDA CORP. et al**

Defendant(s)

_____/

### DEFAULT FINAL JUDGMENT

THIS CAUSE having come before the Court for hearing March 24, 2022, on Plaintiff's Motion for Final Default Judgment, and the Court being fully advised in the premises,

**IT IS ORDERED** that Plaintiff, MMPB GROUP, LLC, c/o Law Office of Lowell J. Kuvin, LLC, 17 E. Flagler Street, Suite 223, Miami, Florida 33131, recover from Defendants, FLEX FLORIDA CORP. d/b/a Best Awnings, a Florida corporation, and FELIX ARBUCIAS, an individual, 1116 Lugo Avenue, Coral Gables, Florida 33156, the sum of **Forty-Eight Thousand Two Hundred Eighty Five and 58/100 Dollars ($48,285.58)**, which shall bear interest at the prevailing legal rate, all for which let execution issue forthwith.

Pursuant to Rule 1.560, Florida Rules of Civil Procedure, the judgment debtors, FLEX FLORIDA CORP. d/b/a Best Awnings and FELIX ARBUCIAS shall complete under oath Florida Rule of Civil Procedure Form 1.977(a) and (b) (Fact Information Sheet), including all required attachments, and serve it upon the judgment creditor's attorneys within 45 days from the date of this Judgment unless this Judgment has been satisfied or post-judgment discovery has been stayed. Jurisdiction of this case is retained to enter further orders that are proper to compel

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

the judgment debtor to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney. The Court further reserves jurisdiction to enforce this Judgment and to award other post-judgment relief.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>29th day of March, 2022</u>.



<u>2022-000372-CA-01 03-29-2022 10:57 AM</u>
Hon. Barbara Areces

**CIRCUIT COURT JUDGE**
Electronically Signed

Final Order as to All Parties SRS #: <u>**12**</u> (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

**Electronically Served:**
Lowell J Kuvin, lowell@kuvin.law
Lowell J Kuvin, lowell@kuvinlaw.com
Lowell J Kuvin, sunny@kuvin.law

**Physically Served:**



STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office_March 31____AD 20___22_
HARVEY RUVIN, CLERK, of Circuit and County Courts.

Deputy Clerk____/s/ Wilfred Clark e323263____
28925562